IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| BRIAN K. BILLUPS, | |
| Petitioner, | OPINION AND ORDER |
| | 16-cv-50-bbc |
| v. | 06-cr-213-bbc |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Brian K. Billups is moving for post conviction relief under 28 U.S.C. § 2255, challenging his 2007 sentencing as a career offender. He contends that he is entitled to resentencing under the recent holding in Johnson v. United States, 135 S. Ct. 2551 (2015), that the so-called residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. Petitioner was not sentenced under this particular provision, but he believes that the decision applies to sentences imposed under the career offender provisions of the sentencing guidelines, as his was.

For the reasons set out in Bufford v. United States, 15-cv-494-bbc (attached), I conclude that petitioner has no viable claim for resentencing. His sentence was imposed in 2007; he appealed from the sentence at the time; and he has not suggested any reason why his motion for post conviction relief raises any issue that would distinguish his case from the

1

cases discussed in Bufford.

RECORD FACTS

In April 2007, petitioner Brian K. Billups was sentenced to a term of 151 months for one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. His sentence was increased after he was found to be a career offender by virtue of his two prior felony convictions, one for a serious controlled substance offense and one for false imprisonment. At the time, the applicable sentencing guidelines, U.S.S.G. § 4B1.2, read as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*. [The italicized portion is generally referred to as the residual clause.]
>
> b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Petitioner's drug conviction qualified as a predicate offense for career offender status under U.S.S.G. § 4B1.2(b); his false imprisonment conviction qualified under § 4B1.2(a)(2). Petitioner was sentenced at the bottom of the advisory guideline range of 151-188 months. He took a direct appeal of his sentence in 2007, arguing that his false imprisonment charge

was not a crime of violence, but not contending that the residual clause was unconstitutional. On appeal, the Court of Appeals for the Seventh Circuit agreed with this court that petitioner's false imprisonment charge was a crime of violence. United States v. Billups, 536 F.3d 574, 576 (7th Cir. 2008) (crime fell within residual clause of U.S.S.G. § 4B1.2(a)(2) because it "always involves purposeful behavior and typically involves aggressive, violent behavior").

In 2010, petitioner filed a post conviction motion under 28 U.S.C. § 2255, raising the same claim he had raised on direct appeal, contending that his false imprisonment conviction should not have been considered a crime of violence. Mot., dkt. #42, 06-cr-213-bbc. The motion was denied on the ground that petitioner had raised the same claim unsuccessfully in his direct appeal. Order, dkt. #43.

In addition to these motions, petitioner tried twice to have his sentence reduced under retroactive changes to the drug quantity guidelines. Dkts. ##38 & 49. Both motions were denied on the ground that he was a career offender and the guideline changes did not apply to career offenders. Dkts. ##41 & 50.

In October 2015, petitioner filed a second motion in this court for post conviction relief under 28 U.S.C. § 2255. After the motion was denied because petitioner had not obtained permission from the court of appeals to file a successive post conviction motion, Order, dkt. #51, he applied to the court of appeals to file a successive § 2255 petition in light of the holding in Johnson v. United States, 135 S. Ct. 2551 (2015), that the residual clause in the Armed Career Criminal Act, § 924(e)(2)(B)(ii) was unconstitutionally vague.

The court of appeals granted his motion, allowing him to file a successive § 2255 motion. Dkt. #1, 16-cv-50-bbc. He has since filed his authorized motion with the help of the federal defender.

OPINION

Although the court of appeals authorized petitioner's motion, in doing so, it noted that the government had raised a number of defenses, arguing among other things that petitioner had defaulted his vagueness argument and that his application was barred by 18 U.S.C. § 2244(b)(1). Rather than rule on any of these arguments, the court of appeals left it to this court to address them "after adversarial testing," which the court of appeals could not accommodate in the 30-day period allowed for deciding a motion such as petitioner's. 28 U.S.C. § 2244(b)(3)(D). Order, dkt. #1.

As noted above, I am denying petitioner's motion for the same reasons I denied a similar claim in Bufford v. United States, 15-cv-494. In sum, it may have been an error to have increased petitioner's sentence in 2007 but it was not an error that justifies resentencing. Petitioner cannot show that the sentence he received exceeded the statutory maximum for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A judge imposing a sentence that is increased under § 924(e)(2)(B) of the Armed Career Criminal Act must impose a sentence of at least 15 years to life; a judge imposing a sentence under the career offender guidelines has no authority to exceed the maximum punishment established by statute.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). I believe that the conclusion I have reached is the correct one. I cannot say, however, that reasonable jurists would not disagree about whether the holding in Johnson has a substantive effect on sentences imposed under the sentencing guidelines.

ORDER

IT IS ORDERED that petitioner Brian K. Billups's motion for post conviction relief,

5

dkt. #2, 16-cv-50, is DENIED.  A certificate of appealability will issue.

Entered this 2d day of June, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge